AO 106 (Rev. 06/09)   Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Oklahoma

*FILED*

AUG 2 2 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| In the Matter of the Search of<br>**an Apple iPhone 11, SN:FFWFV6FWN72Q, currently stored at<br>the Federal Bureau of Investigation Tulsa Resident Agency<br>located at 8023 E. 63rd Place, Tulsa, Northern District,<br>Oklahoma** | ) ) ) ) ) | Case No. 22-mj-527-CDL |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment "A"

located in the ___Northern___ District of ___Oklahoma___, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | *Offense Description* |
|---|---|
| 18 U.S.C. § 2251(a) | **Sexual Exploitation of Children** |
| 18 U.S.C. §§ 2252(a)(2) & (b)(1) | **Receipt and Distribution of Child Pornography** |
| 18 U.S.C. §§ 2252(a)(4) & (b)(2) | **Possession of Child Pornography** |
| 18 U.S.C. § 2422(b) | **Coercion and Enticement** |

The application is based on these facts:

See Affidavit of SA Tiffany Harrison attached hereto.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA Tiffan Harrison, FBI
*Printed name and title*

by telephone
Sworn to ~~before me and signed in my presence.~~

Date: ___Aug 22, 2022___

_____
*Judge's signature*

City and state:  Tulsa, OK      Tulsa, Oklahoma          Hon.   Christine D. Little      , U.S. Magistrate
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of an Apple iPhone 11, SN:FFWFV6FWN72Q, currently stored at the Federal Bureau of Investigation Tulsa Resident Agency located at 8023 E. 63ʳᵈ Place, Tulsa, Northern District, Oklahoma | Case No. _____ |

### Affidavit in Support of an Application
### Under Rule 41 for a Warrant to Search and Seize

I, Tiffany Harrison, being first duly sworn under oath, depose and state:

### Introduction and Agent Background

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the examination of property—an electronic device described in **Attachment A**—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B**.

2. I am a federal law enforcement officer as defined under Rule 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant. As part of my duties

as a Federal Bureau of Investigation (FBI) special agent, I investigate criminal violations relating to child pornography and enticement of a minor.

3. I am familiar with the facts and circumstances of this investigation. The facts set forth in this Affidavit are based on my personal observations, knowledge obtained from other law enforcement officers, and my review of documents related to this investigation. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact I or others have learned during the course of this investigation.

4. Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that evidence of violations of 18 U.S.C. § 2251(a) (Sexual Exploitation of Children), 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Receipt and Distribution of Child Pornography), 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Possession of and Access with Intent to View Child Pornography), and 18 U.S.C. § 2422(b) (Coercion and Enticement) will be located in the electronically stored information described in **Attachment B** and is recorded on the Device described in **Attachment A.**

### Jurisdiction

5. "[A] warrant may be issued to search for and seize any property that constitutes evidence of a criminal offense in violation of the laws of the United States." 18 U.S.C. § 3103a.

6. The requested search is related to the following violations of federal law:

a. Title 18, United States Code, Section 2251(a) prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, if such person knows or has reason to know that the visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed;

b. Title 18, United States Code, Sections 2252(a)(2) and (b)(1) prohibits any person from knowingly receiving or distributing, or attempting or conspiring to receive or distribute, any visual depiction that has been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct;

c. Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) prohibits any person from knowingly possessing or accessing with the intent to view, or attempting or conspiring to possess or access with the intent to view, one or more films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; and

d. Title 18, United States Code, Section 2422(b), which states that whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged

3

with a criminal offense, or attempts to do so, shall be fined under this
title and imprisoned not less than 10 years or for life.

7. Venue is proper because the person or property described in this Affidavit is
located within the Northern District of Oklahoma. Fed. R. Crim. P. 41(b)(1).

### Identification of the Device to be Examined

8. The property to be searched is an Apple iPhone 11, serial number
FFWFV6FWN72Q, hereinafter the "Device." The Device is described in
**Attachment A** and is currently held at the FBI's Tulsa Resident Agency, located at
8023 E. 63rd Place, Tulsa, Northern District, Oklahoma 74133.

9. The applied-for warrant would authorize the forensic examination of the
Device for the purpose of identifying electronically stored data particularly described
in **Attachment B.**

### Definitions

10. The following definitions, inclusive of all definitions contained in 18 U.S.C. §
2256, apply to this Affidavit and the attachments incorporated herein:

    a. "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual

    depiction, including any photograph, film, video, picture, or computer or

    computer-generated image or picture, whether made or produced by

    electronic, mechanical or other means, of sexually explicit conduct, where

    (a) the production of the visual depiction involved the use of a minor

    engaged in sexually explicit conduct, (b) the visual depiction is a digital

    image, computer image, or computer-generated image that is, or is

4

indistinguishable from, that of a minor engaged in sexually explicit

conduct, or (c) the visual depiction has been created, adapted, or modified

to appear that an identifiable minor is engaged in sexually explicit conduct;

b.  "Electronic Mail," commonly referred to as email (or e-mail), is a

method of exchanging digital messages from an author to one or more

recipients. Modern email operates across the Internet or other computer

networks. Email systems are based on a store-and-forward model; that is,

email servers accept, forward, deliver, and store messages. Neither the

users nor their computers are required to be online simultaneously; they

need only connect briefly, typically to an email server, for as long a period

of time as it takes to send or receive messages. One of the most commons

methods of obtaining an email account is through a free web-based email

service provider such as, Outlook, Yahoo, or Gmail. Anyone with access

to the Internet can generally obtain a free web-based email account;

c.  "Cloud storage service" refers to a publicly accessible, online storage

provider that can be used to store and share files in large volumes. Users of

cloud storage services can share links and associated passwords to their

stored files with others in order to grant access to their file collections. Such

services allow individuals to easily access these files through a wide variety

of electronic devices such as desktop computers, laptops, mobile phones or

tablets, from anywhere. Many services provide free access up to a certain

size limit;

5

d. The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state;

e. "Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years;

f. "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form;

g. "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person; and

h. "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

6

**Probable Cause**

11. In November 2021, the St. Peters (MO) Police Department was actively investigating Devon Lee Smith for allegations of sodomy and furnishing pornographic material to a minor. Smith reportedly inappropriately touched his minor cousins and other children in his church youth group where he is was a mentor. During the investigation, minor victim B.W. was identified as an additional potential victim. It was apparent to investigators that B.W. and Smith were exchanging sexual communications online.

12. On June 10, 2022, 17-year-old B.W., an enrolled member of the Cherokee Nation, was forensically interviewed at the FBI's Tulsa Resident Agency. During the interview, B.W. disclosed that he met 25-year-old Devon Lee Smith on Instagram. B.W. could not recall exactly when he first started communicating with Smith, but believed it was in early 2021. B.W. and Smith became friends and subsequently communicated on Snapchat.

13. B.W. and Smith talked for approximately five months, then met in person for a weekend on August 20, 2021. Smith took B.W. to a Christian concert in Oklahoma City, Oklahoma (Western District of Oklahoma), then spent the next day with B.W. in Tulsa, Oklahoma (Northern District of Oklahoma). Smith paid for their concert tickets.

14. During the weekend of August 20th, Smith and B.W. performed oral sex on each other's penis. B.W. could not recall exactly where he and Smith engaged in mutual oral sex, but believed it took place either at B.W.'s house, located at 220

7

South Skinner Avenue, Drumright, Oklahoma (Northern District of Oklahoma) or in the parking garage at the Penn Square mall in Oklahoma City, Oklahoma (Western District of Oklahoma). B.W. was 16 years old when he met Smith in person, while Smith was 24 years old.

15. Utilizing cellular telephones and other computer devices, Smith and B.W. had sexual conversations prior to meeting in person. B.W. and Smith helped each other work through their porn addictions by sending each other nude pictures so they would not have to use porn. B.W. did not know for sure but believed Smith may have sent the first nude picture. B.W. also sent Smith nude pictures. B.W. knew the nudes he received were of Smith because Smith sometimes sent full-body pictures. B.W. and Smith would also exchange videos of themselves masturbating or playing with their anuses. B.W. and Smith would send the videos and nude pictures through Snapchat and iMessage. B.W. and Smith would also use Facetime—a video conferencing application. B.W. and Smith talked every night.

16. Smith purchased B.W. gifts from B.W.'s Amazon wish list. B.W.'s Amazon wish list included a wide assortment of items such as shoes, clothes, candy, soap, and a body scrubber. Smith also bought B.W. a Gucci ring. Smith sent B.W. gifts every couple of weeks. Smith told B.W. the gifts were a way to show B.W. his appreciation. B.W. could not recall when the gift-giving started, but believed it began

four or five months after they started talking. Smith sent B.W. gifts both before and after they met in person.

17. Smith also sent B.W. money through Apple Pay. B.W. could not recall how much money Smith sent him, but believed it was approximately $200. B.W. retained copies of the pictures he and Smith exchanged.

18. Smith bought B.W. the Device referenced in **Attachment A** after the phone B.W.'s mother bought him broke. Based on the investigation thus far, I know that Smith and B.W. communicated on the Device to be searched.

19. The Device came into the FBI's possession on June 10, 2022, and the FBI obtained consent to search the Device from B.W.'s mother, Crystal Reeve. The FBI subsequently began a forensic review. However, during B.W.'s child forensic interview, he informed the FBI he had previously broken the phone Reeve had purchased for him. Smith had purchased the Device as a replacement for the phone Reeve had bought B.W. The FBI immediately ceased its forensic review and is seeking a search warrant to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

20. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://www.apple.com, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who

possessed or used the Device. Examination of the devices GPS history can also help investigators determine jurisdiction and venue for events that took place.

**Background on Child Pornography, Computers, and the Internet**

21. I have training and experience in the investigation of computer-related crimes. Based on my training, experience, and knowledge, I know the following:

a. Computers, smartphones and digital technology are the primary way in which individuals interested in child pornography interact with each other. Computers and smartphones basically serve four functions in connection with child pornography: production, communication, distribution, and storage;

b. Digital cameras and smartphones with cameras save photographs or videos as a digital file that can be directly transferred to a computer by connecting the camera or smartphone to the computer, using a cable or via wireless connections such as "Wi-Fi" or "Bluetooth." Photos and videos taken on a digital camera or smartphone may be stored on a removable memory card in the camera or smartphone. These memory cards are often large enough to store thousands of high-resolution photographs or videos;

c. The Internet and phone applications afford individuals several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion;

d. As is the case with most digital technology, communications by way of computer or smartphone can be saved or stored on the computer or smartphone used for these purposes. Storing this information can be intentional (i.e., by

10

saving an e-mail as a file on the computer or smartphone, or saving the location of one's favorite websites in, for example, "bookmarked" files). Digital information can also be retained unintentionally such as the traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer or smartphone user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained indefinitely until overwritten by other data.

### Electronic Storage and Forensic Analysis

22. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

23. I know that cellular telephones are often equipped with digital cameras and those phones possess the capability to transmit and/or store electronic images. I know that in many cases, cellular telephones maintain photographs of illegal activities, including in the crimes listed *supra* on Pages 2 through 4. These photos are sometimes stored in the cellular phone and are often transmitted or sent from one electronic media device to another. I know that cellular phones may also contain notes regarding potential illegal acts that are recorded by the subject who possesses the electronics. Furthermore, I know that text messages and emails are often used by

11

two or more persons to communicate information regarding illegal activities, between principals and co-conspirators of those crimes.

24. I know that cellular telephones are utilized by the majority of individuals in the United States and have become a staple of communication between individuals using text messaging, visual and audible communications (telephone calls and FaceTime type communications) as well as applications like "Snapchat," "Instagram," and "Facebook Messenger." Additionally, individuals utilize their cellular devices to take pictures, keep notes, as a GPS (global positioning system) device, and even to conduct illicit or illegal activity. Communications on phones are kept for long periods and transferred from one phone to another when replaced. This is done through the use of Cloud storage and direct transfer conducted at the time of purchase or by the individual themselves. Individuals utilize this method as not to lose data that is stored on the phone such as contacts, photos, notes, and other important information to the individual.

25. As further described in **Attachment B**, I am seeking to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted

portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

26. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the

warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

27. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## Conclusion

28. Based on the information set forth in this Affidavit, I submit there is probable cause to believe that 18 U.S.C. § 2251(a) (Sexual Exploitation of Children), 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Receipt and Distribution of Child Pornography), 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Possession of and Access with Intent to View Child Pornography), and 18 U.S.C. § 2422(b) (Coercion and Enticement), have been violated, and that evidence of these offenses, more fully described in **Attachment B**, are located on the Device described in **Attachment A**.

Respectfully submitted,

Tiffany Harrison
Special Agent
Federal Bureau of Investigation

Subscribed and sworn telephonically on August 22, 2022.

The Honorable Christine D. Little
UNITED STATES MAGISTRATE JUDGE

15

## ATTACHMENT A

### Property to be Searched

The property to be searched is an Apple iPhone 11, serial number FFWFV6FWN72Q, hereinafter the "Device." The Device is currently located at the FBI's Tulsa Resident Agency, located at 8023 E. 63rd Place, Tulsa, Oklahoma. This is within the Northern District of Oklahoma.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in **Attachment B**.

## ATTACHMENT B

### Particular Things to be Seized

For the time period from January 1, 2021 through present, all records on the Device described in **Attachment A** that relate to violations of 18 U.S.C. § 2251(a) (Sexual Exploitation of Children), 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Receipt and Distribution of Child Pornography), 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Possession of and Access with Intent to View Child Pornography), and 18 U.S.C. § 2422(b) (Coercion and Enticement), including:

A. Images/videos/gifs of child pornography or child erotica; files containing images/videos/gifs; and data of any type relating to the sexual exploitation of minors or a sexual interest in children, material related to the possession thereof, and data of any type related to any person employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting such visual depiction of such conduct, in any form wherever it may be stored or found, including, but not limited to:

    i.    Files in any form containing the visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual exploitation of minors; and

      ii.     Stories, text-based files, motion pictures, films, videos, and other

recordings of visual depictions of minors engaged in sexually explicit

conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual

exploitation of minors.

B. Information, correspondence, records, documents or other materials pertaining

to the possession, receipt or distribution of visual depictions of minors engaged in

sexually explicit conduct, as defined in 18 U.S.C. § 2256, or pertaining to the

sexual exploitation of minors or a sexual interest in children, that were

transmitted or received using computer, cellular device, personal digital assistant,

or some other facility or means of interstate or foreign commerce, common

carrier, or the U.S. mail including, but not limited to:

    i. Correspondence including, but not limited to, electronic mail, chat logs,

    and electronic messages, establishing possession, access to, or transmission

    through interstate or foreign commerce, including by United States mail or

    by computer, of visual depictions of minors engaged in sexually explicit

    conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual

    exploitation of minors or a sexual interest in children;

C. Records or other items which evidence ownership, use, or control of the

Device described in **Attachment A**.

D. Any and all information, correspondence (including emails and social media

accounts), records, receipts, purchase histories, documents and/or other materials

2

related to contacts, in whatever form, with minors involving the production,

possession and/or distribution of child pornography and the attempt or act of

educing, enticing, coercing, or persuading a minor to engage in sexual acts.

E. Geolocation information associated with the Device, or with applications on

the Device.

As used above, the terms "records" and "information" includes all forms of

creation or storage, including any form of computer or electronic storage.

The term "computer" includes all types of electronic, magnetic, optical,

electrochemical, or other high speed data processing devices performing logical,

arithmetic, or storage functions, including desktop computers, notebook computers,

mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer

data can be recorded, including external and internal hard drives, flash drives, thumb

drives, micro SD cards, macro SD cards, DVDs, gaming systems, SIM cards, cellular

phones capable of storage, floppy disks, compact discs, magnetic tapes, memory cards,

memory chips, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically

stored information seized or copied pursuant to this warrant in order to locate

evidence, instrumentalities, and/or fruits described in this warrant. The review of

this electronic data may be conducted by any government personnel assisting in the

investigation, who may include, in addition to law enforcement officers and agents,

3

attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.